**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL     929.294.2536
DIRECT EMAIL    gtenzer@heckerfink.com

November 12, 2024

**BY CM/ECF**

Emily Borneisen, Deputy Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

      Re:    *Elizabeth Sines, et al. v. Richard Spencer*, No. 23-1112

Dear Ms. Borneisen,

      On behalf of Plaintiffs-Appellees Elizabeth Sines, Seth Wispelwey, April Muñiz, Marcus Martin, Natalie Romero, Chelsea Alvarado, Devin Willis, and Thomas Baker, I write to respond to the Court's notice dated October 30, 2024, to request that the Court exercise its discretion to dispose of this appeal and leave substitution issues for the district court.

      As the Court is aware, Plaintiff-Appellee Marissa Blair sadly passed away on Thursday, September 19, 2024. Under Virginia law, Ms. Blair's claims in this litigation survive her death in full. *See* Va. Code Ann. § 8.01-25. Accordingly, counsel continues to anticipate that a motion for substitution will be forthcoming. *See* Suggestion of Death 1.

      Plaintiffs-Appellees respectfully request that this Court exercise its broad discretion to "direct appropriate proceedings," Fed. R. App. P. 43(a)(1), to dispose of this appeal now, leaving the issue of substitution for the district court on remand. Courts have long exercised their discretion under Federal Rule of Appellate Procedure 43 to decide appeals without awaiting motions for substitution, particularly where the deceased party is a plaintiff. *See, e.g.*, *Ciccone v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 861 F.2d 14, 15 n.1 (2d Cir. 1988); *Hardie v. Cotter & Co.*, 849 F.2d 1097, 1098 n.2 (8th Cir. 1988); *Wright v. Com. Union Ins. Co.*, 818 F.2d 832, 834 n.1 (11th Cir. 1987); *cf. Dowe v. Leeds, Morelli & Brown PC*, No. 21-3069, 2023 WL 3986373, at *2 n.2 (2d Cir. June 14, 2023).

      That course is particularly appropriate here. Defendant-Appellant committed the acts underlying Plaintiffs-Appellees' claims against him more than seven years ago, in 2017; the jury reached a verdict in favor of Plaintiffs-Appellees three years ago, in November of 2021. *See* Informal Br. of Plaintiffs-Appellees 2-7, 11-12. As this Court recently observed, the jury's verdict

Hecker Fink LLP

2

in this case "sen[t] an unmistakable message," and "it's long past time for that message to be delivered." *Sines v. Hill*, 106 F.4th 341, 355 (4th Cir. 2024). Disposing of this appeal promptly and allowing the district court to sort out substitution issues on remand would expedite the ultimate resolution of this case.

If the Court is not inclined to dispose of this appeal now, Plaintiffs-Appellees would respectfully request a reasonable time period to move for substitution.

Respectfully submitted,

Gabrielle E. Tenzer

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, a copy of the attached was filed with the Clerk through the Court's electronic filing system. In addition, I hereby certify that on November 12, 2024, I also served the following via electronic mail:

Richard Spencer
richardbspencer@gmail.com

I further hereby certify that on November 12, 2024, I caused to be served the following by physical mail:

Richard Spencer
98 Elk Highlands Drive
Whitefish, MT 59937

Dated: November 12, 2024                    _____
                                             Gabrielle E. Tenzer